UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

      MANUEL PINEDA,                                    Case No. 12-11276 (SHL)
      ZAIRA PINEDA,

                                              Chapter 13

                    Debtors.
-----------------------------------------------------------X

## ORDER VOIDING MORTGAGE LIEN OF REAL TIME SOLUTIONS, INC., AS AGENT FOR BAC HOME LOANS, F.K.A. COUNTRYWIDE, AND RECLASSIFYING CLAIM NO. 3

      Upon the motion dated August 19, 2013 (the "Motion") of the above debtors (the

"Debtors"), for an order determining that the junior mortgage lien held by Real Time Solutions,

Inc., as agent for BAC Home Loans, F.K.A. Countrywide (with any subsequent successor or assign,

"Creditor") on the Debtors' property located at 3016 Barkley Avenue, Bronx, NY 10465, Block

5425 and Lot 26 (the "Property") is void as being wholly unsecured under 11 U.S.C. §§ 506(a) and

1322, and reclassifying the secured claim of the Creditor in this case based on such lien, Claim No.

3, as an unsecured claim; and it appearing that due and sufficient notice of the Motion and the

hearing thereon was provided;  and there being no opposition to the requested relief; and upon the

record of the November 7, 2013, hearing on the Motion; and, after due deliberation, it appearing

that the amount of the senior debt secured by the Property exceeds the value of the Property and that

there is no collateral value in the Property to secure the Debtors' obligations to the Creditor under

the Creditor's junior mortgage on the Property; and good and sufficient cause appearing, it is hereby

ORDERED that

      1. The Motion is granted.

      2. Any claim filed by Creditor against the Debtors and the Debtors' estate in this case

based on its junior lien on the Property, Claim No. 3, shall be treated as wholly unsecured.

3. The wholly unsecured lien of the Creditor's junior mortgage on the Property is declared void (see In re Pond, 252 F.3d 122 (2d Cir. 2001)), subject to the Creditor's rights under 11 U.S.C. § 363(k) and its right to such lien's reinstatement upon any dismissal or conversion of the Debtors' chapter 13 case prior to the performance of the Debtors' chapter 13 plan voiding such mortgage under 11 U.S.C. § 1322(b)(2).

4. Creditor shall provide to the Chapter 13 Trustee, within 30 days from the entry of this Order, a satisfaction of lien with respect to the Property, which shall be held in escrow by the Chapter 13 Trustee until the Debtor has completed the chapter 13 plan and become entitled to a discharge.  Upon completion of the Debtors' chapter 13 plan and the granting of a discharge, the Chapter 13 Trustee shall deliver the satisfaction of lien to the Debtors for recording with the Clerk of the County of Bronx.  In the event of conversion or dismissal of the Debtors' chapter 13 case prior to the completion of the chapter 13 plan and the granting of a discharge, the Chapter 13 Trustee shall destroy the satisfaction of lien and this Order shall have no effect on the mortgage lien held by Creditor.

5. Notwithstanding any other provision of this Order, this Order shall remain effective if the above-captioned case is converted to a case under chapter 11.

Dated:  New York, New York
              December 12, 2013                                        _/s/ Sean H. Lane_____
                                                                                    Honorable Sean H. Lane
                                                                                    United States Bankruptcy Judge